## FRANKLIN MORTGAGE CO v ALLEN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2539.  Decided Oct 18, 1935

L. R. Pugh, Columbus, for plaintiff in error.

Paul L. Selby, Columbus, and Ernest A. Grabiel, Columbus, for defendants in error.

**OPINION**

By BARNES, PJ.

The determination of this motion requires an examination of the record in the court below which consists solely of the original papers and a transcript of the docket and journal entries. In the court below, the title of the action was The Wilmington Casting Company, a corporation organized and existing under the laws of the State of Ohio, Wilmington, Ohio, plaintiff, v Columbus Stoker & Equipment Corporation, a corporation organized and existing under the laws of the State of Ohio, Columbus, Ohio. The petition was filed March 18, 1932, and was an action on a cognovit note. Judgment was obtained on the same day by confession under terms of attorney in the sum of $407.23, plus interest and costs. On the same day following judgment, motion was made for appointment of receiver. Filed therewith was a waiver and consent of the officers of the defendant corporation to the appointment of a receiver, and thereupon W. W. Ewing, the secretary and treasurer of the defendant corporation, was appointed such receiver. On March 21, 1932, upon the application of another judgment creditor of the defendant corporation, Frank E. Allen was appointed a co-receiver, and immediately qualified. On March 24, 1932, W. W. Ewing resigned as receiver, and Frank Allen was continued as the sole receiver.

For a time the business was operated by the receiver under order of the court. Following this, the usual and proper steps were taken to sell the plants, and to convert all assets into cash. On May 3, 1932, the receiver made a detailed report, disclosing total receipts, expenses of receivership, allowable preferred claims, undisputed general claims and disputed general claims, and asking the order of the court to pay a dividend of eight per cent on the general claims as and when allowed. On June 30, 1932, the court made an order evidenced by journal entry directing the receiver to pay the priority claims in full and a dividend of eight per cent on general claims. The order recited that the itemized claim of W. W. Ewing in the total amount of $4798.19 was allowed, as was also the claim of C. H. Wolfe, in the sum of $2216.58.

C. H. Wolfe was the president of the defendant corporation. The order to pay the eight per cent dividend on general claims, by unquestioned inference, included the claims of W. W. Ewing and C. H. Wolfe. On July 2, 1932, The Franklin Mortgage Company, under the original caption, filed a motion asking the court for an order directing the receiver to suspend payment of any moneys due W. W. Ewing or C. H. Wolfe, officers of The Columbus Stoker & Equipment Corporation, until the said Franklin Mortgage Company had an opportunity to trace moneys collected by said officers belonging to the Franklin Mortgage Company and which had not been turned over to said company. On the same day, so far as the record discloses, without notice or hearing, the court sustained the motion and signed an entry directing the receiver to suspend the payment of moneys to Ewing and Wolfe until there is an accounting by the said Ewing and Wolfe of moneys collected by them belonging to the Franklin Mortgage Company. This entry

further recited that the receiver should withhold the payment of such moneys until July 20, 1932, thereby giving the Franklin Mortgage Company time to investigate and protect their interests in regard to this matter.

Thus far, we think the proceeding is regular and within the unquestioned jurisdiction of the court.

This conclusion is on the theory that there were possible further assets due the corporation from Ewing and Wolfe as officers and the withholding of the payments of any dividends on their claims would be a means of conserving the assets in the event that a situation developed by which it could properly be determined that Ewing and Wolfe, either or both, had in their hands assets belonging to the defendant corporation. On July 19, 1932, the Franklin Mortgage Company filed a second motion requesting the court that it be permitted to file an answer and cross-petition in the cause against the defendants and C. H. Wolfe, the president of the defendant corporation, and W. W. Ewing, the secretary and treasurer of the corporation, and for permission to make up an issue upon the answer and cross-petition and pending the determination, that the receiver be ordered to hold any and all dividends due the two officers of the corporation. On the same day, without notice or hearing so far as is disclosed from the record, leave was granted the Mortgage Company to file its answer and cross-petition, and the entry also directed that the receiver withhold payment of all moneys due Wolfe and Ewing until the hearing upon said motion, not later than July 30th. On August 6, 1932, the trial court by entry granted leave to the Franklin Mortgage Company to file its answer and cross-petition against the defendant, The Columbus Stoker & Equipment Corporation, C. H. Wolfe, the president of said corporation, and W. W. Ewing, secretary and treasurer of said corporation and also ordered that pending the determination of said answer and cross-petition and the issue thereon, that the receiver hold any and all dividends payable to said Wolfe and Ewing.

On August 8, 1932, the answer and cross-petition, so designated, of the Franklin Mortgage Company was filed. The same consists of a six page document to which was attached exhibits. In substance the cross-petition makes a complaint against the officers Ewing and Wolfe that as such before the receivership, they had sold certain contracts to the Franklin Mortgage Company under an agreement by which the defendant corporation was to collect on the contracts and turn the same over to the Mortgage Company. There is a further allegation that collections were made and when made placed in the account of the defendant corporation and not turned to the Mortgage Company as per the agreement. There is the further allegation that in one instance the contract did not in fact exist, but that the defendant corporation received the money from the Mortgage Company and it went into their account. The following is the prayer:

"Wherefore said The Franklin Mortgage Company prays that the court order the receiver herein to distribute and to pay any dividends now allowed or hereafter allowed to the said C. H. Wolfe and the said W. W. Ewing in this action to the said The Franklin Mortgage Company until its said claim against them is paid and for all other and further relief to which it may be entitled in law or in equity."

It will be observed that no specific relief was asked against the defendant corporation, nor was any order sought by which the officers of the company were to make any accounting or have any liability declared against them in favor of the defendant corporation.

As we view it it is an entirely new form of action, and to say the least, unusual, and we think irregular, to be instituted in the then pending receivership action. It solely and entirely sought to raise an issue between the Mortgage Company and the officers, Ewing and Wolfe. Prior to the filing of this cross-petition neither Ewing nor Wolfe had been a party to the proceedings.

Neither was Frank E. Allen, the receiver. made a party although on the same day of the entry authorizing the filing of the answer and cross-petition the court directed that all dividends which are payable in the action to Wolfe and Ewing be retained pending further hearing. The record does not disclose that any service of summons was made on either Ewing, Wolfe or Allen. However, on August 23, 1932, W. W. Ewing filed answer, which was in the nature of a general denial. On August 24, 1932, Frank E. Allen, as receiver, filed what was termed an interpleader, which in substance stated that he had in his hands coming to C. H. Wolfe the amount of $177.33 and to W. W. Ewing, $170.16. On December 11, 1934, the court entered judgment in favor of the Franklin Mortgage Company against Ewing and Wolfe and among other things the en-

try of judgment contains the order that the receiver is instructed to pay to the Mortgage Company the dividend of $177.33 due Wolfe less deductions, leaving a balance of $159.65, and the dividend due Walter W. Ewing in the sum of $170.16 less deductions, leaving a balance of $152.43.

It is probably true that by reason of Ewing appearing and filing an answer in the nature of a general denial, he submitted himself to the jurisdiction of the court, and so far as he is concerned, the judgment cannot be questioned. The rule is well recognized that where a court has jurisdiction of the subject matter and issues are made up, however informal, the parties are estopped to question the irregularities or unauthorized method of procedure.

We are unable to see that Frank E. Allen, trustee, was an adversary party to the suit of the Franklin Mortgage Company under its answer and cross-petition.

We think it is elementary that the court would have jurisdiction in the interest of the trust to conserve the assets of the defendant company. If the officers of the defunct company had money or property in their hands belonging to the defendant company, it would be proper to withhold any dividends due them pending the determination of this issue. However, in the instant case, no such question is raised under the answer and cross-petition of the Franklin Mortgage Company.

As we see it, the Franklin Mortgage Company could have brought an independent action against the officers, Ewing and Wolfe, and under affidavit of attachment and by leave of the court could have had garnishee process issued against the trustee. The trustee would then have appeared and answered. If he refused to answer or if his answer was not satisfactory, then an independent action could have been brought.

Similar proceedings might have been brought after judgment in an independent action in aid of execution.

The question arises as to whether or not the trustee in filing what he terms an interpleader and setting forth the amount of the dividends in his hands coming to Ewing and Wolfe and offering to abide the judgment of the court as to these amounts, thereby entered an appearance of a character that would permit the court to determine from the order of June 30, 1932 that he was chargeable with a larger amount and order such larger amount paid to the Franklin Mortgage Company.

It is our conclusion that Frank E. Allen, as trustee, was not an adversary party to the cross-petition and that the filing of an interpleader was purely voluntary. It is comparable with the answer of a garnishee in an attachment proceeding. In this interpleader he says that he has so much money in his hands coming to Ewing and Wolfe, as dividends. We know of no Ohio law that will give any greater right to the Franklin Mortgage Company under this interpleader than would exist against a garnishee. If any remedy exists in favor of the Franklin Mortgage Company it would be to bring an action against the trustee by reason of his interpleader not setting forth the correct amount due Ewing as a dividend.

We might have a different situation had the record disclosed that the parties submitted themselves to the jurisdiction of the court and had a hearing on the question as to whether or not the amount set out by the trustee was correct.

We do not have difficulty in arriving at the conclusions that the answer and cross-petition was improperly filed in the original action. Our difficulty is in determining just how far the parties submitted themselves to the jurisdiction of the court. We do not think that the jurisdiction should be extended beyond the issues specifically raised under the pleadings.

For this reason, we think the motion to dismiss the petition in error should be sustained.

Beyond this, we are also of the conclusion that under the state of the record the finding should be for the defendant Allen, receiver, on the merits.

As we understand, counsel for the plaintiff mortgage company, base their claim entirely on the fact that the report of the receiver under date of June 30, 1932, discloses an allowable claim in favor of Ewing in an amount by which the dividend would be $358.87.

It must be noted that the Franklin Mortgage Company did not appear with any form of pleading until July 2, 1932, which was two days following the order authorizing dividends to Ewing and Wolfe.

In the interim the receiver beyond question or cavil could have paid any part or all of the dividends due to Ewing and Wolfe. Furthermore, had the receiver previously paid a part of the dividend to Ewing or Wolfe, the court's order of June 30 would constitute an affirmance of the action of the receiver.

Aside from this theory, there are other ways and means by which the amount might have been properly reduced. We do not have before us any bill of exceptions and hence we do not know, other than by

conjecture, what may have been the reason for the reduction of this dividend.

Giving to the final court order the fullest credit which we are bound to do, we must conclude, in the absence of a bill of exceptions, that the court was correct in its determination of the amount to be paid to the Franklin Mortgage Company out of the dividend due Ewing. There seems to be no question as to the dividend due Wolfe.

If desired, entry may be drawn dismissing the petition in error on motion of defendant in error.

Furthermore, we find no prejudicial error in the record and the judgment of the lower court should be sustained on the merits at costs of plaintiff in error.

Exceptions will be allowed.

BODEY, J, concurs.
HORNBECK, J, concurs in judgment of affirmance.